RECEIVED
IN ALEXANDRIA, LA.
MAY 20 2009
TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| ANTONIO JACKSON (#312244) | DOCKET NO. 09-CV-267; SEC. P |
| VERSUS | JUDGE DEE D. DRELL |
| TIM WILKINSON, ET AL. | MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION

Before the Court is a civil rights complaint (42 U.S.C. §1983) filed *in forma pauperis* on January 28, 2009 in the Middle District of Louisiana by *pro se* plaintiff Antonio Jackson. The case was transferred to the Western District of Louisiana and received on February 18, 2009. Plaintiff is incarcerated at Winn Correctional Center (WCC) in Winnfield, Louisiana. He named as Defendants Warden Tim Wilkinson, Virgil Lucas, Larry Rhodes, and Medical Staff. Plaintiff claims that he was not taken to the infirmary after suffering a seizure and that he was wrongfully charged with a disciplinary rule violation.

### LAW AND ANALYSIS

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "For failure of the plaintiff to prosecute or to comply with ... any order of court..." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. Link v. Wabash R.R.Co., 370 U.S. 626, 630-31 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to

avoid congestion in the calendars of the [d]istrict [c]ourts." McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir.1988).

Further, Local Rule (LR) 41.3W provides in part, "The failure of an attorney or pro se litigant to keep the court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address **and no correction is made to the address for a period of thirty days**." (Emphasis added.)

An order granting Plaintiff's motion for leave to proceed in forma pauperis was mailed to Plaintiff at the address of record on March 19, 2009. It was returned as undeliverable on March 30, 2009. [Doc. #7] More than thirty days have elapsed since the mail was returned, and Plaintiff has not provided the Court with his current address.

## CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's Civil Rights Complaint be **DISMISSED** in accordance with the provisions of FRCP Rule 41(b) and LR41.3W.

## OBJECTIONS

**Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days**

after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See, Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this ___ day of _____ May _____, 2009.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE